**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**ANTONIO CARROTHERS**                                                                   **PLAINTIFF**

**V.**                                                         **NO. 4:10CV140-P-D**

**MDOC, et al.**                                                                      **DEFENDANTS**

**<u>MEMORANDUM OPINION</u>**

The court, *sua sponte*, takes up the dismissal of Plaintiff's case filed under 42 U.S.C. § 1983. The court finds that Plaintiff has failed to state a claim upon which relief may be granted and dismissal is appropriate under 28 U.S.C. § 1915(e)(2)(B(i) and (ii).

In the complaint, the Plaintiff, an inmate, complains that HIV postivie inmates are being house in the general population. The Plaintiff implies that he may have been intentionally infected with the disease. Specifically, the Plaintiff states that Officer Davis served him breakfast last and placed the tray under the cell door, rather than through the tray-hole in the cell door. After eating, the Plaintiff claims he felt sick and in the following week began to notice "changes" in his facial features. For these perceived transgressions, the Plaintiff is seeking compensatory damages, a full medical examination, the HIV inmates segregated and immediate release from confinement.

A *pro se* prisoner plaintiff in a case filed under 42 U.S.C. § 1983 must allege more than *de minimis* physical injury to state a claim for physical or emotional damages – regardless of the nature of the claim. *Geiger v. Jowers*, 404 F.3d 371 (5th Cir. 2005), 42 U.S.C. § 1997e(e). The absence of serious injury, while relevant to the inquiry, does not preclude relief. *Hudson v. McMillian*, 503 U.S. 1, 7, 112 S.Ct. 995, 999, 117 L. Ed. 2d 156 (1992).

The Eighth Amendment standards guide the analysis in determining whether a prisoner has sustained the necessary physical injury to support a claim for mental or emotional suffering. That is, the injury must be more than *de minimis*, but need not be significant. *See id.*; *see also Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (a sore, bruised ear lasting for three days — was *de minimis*)

Plaintiff has not alleged any injury beyond mental and emotional distress occasioned by his own paranoia. The theory that he has been infected with HIV is nothing more than fanciful speculation. In any event, the Plaintiff has no injury at all. Since Plaintiff has not alleged even a *de minimis* injury, he has, therefore, failed to state a claim for an Eighth Amendment violation. *Hudson v. McMillian*, 503 U.S. 1, 9-10, 112 S. Ct. 995, 117 L. Ed. 2d 156 (1992).

A complaint is frivolous if it lacks an arguable basis in either law or fact, such as relying on an indisputably meritless legal theory. *Taylor v. Johnson*, 257 F.3d 470, 472 (5th Cir. 2001). Since Plaintiff's claim lacks a legal basis, it shall be dismissed for failure to state a claim upon which relief can be granted. Dismissal on this ground warrants the imposition of a "strike" pursuant to the "three strikes" provision of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Accordingly, the Plaintiff is cautioned that if he accumulates three strikes he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

Therefore, this cause will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. The Plaintiff has also earned one strike pursuant to 28 U.S.C. § 1915(g). A final judgment shall issue in accordance with this opinion.

THIS the 21st day of January, 2011.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE